## MONELL v. HELVERING, Commissioner of Internal Revenue.

### No. 178.

Circuit Court of Appeals, Second Circuit. April 30, 1934.

LeRoy B. Iserman, of New York City, for petitioner on review.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Walter L. Barlow, Sp. Assts. to Atty. Gen., for respondent on review.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner was the executrix under the will of her husband, Ambrose Monell, and the sole beneficiary. She filed an estate tax return in which certain securities were overvalued and paid the tax computed on such valuation. Some time later an attorney who specialized in tax matters called her attention to the fact that taxes had been overpaid, and, in her capacity as executrix, she employed him in behalf of the estate of Ambrose Monell to file and prosecute a claim for refund of any such taxes. It was agreed that the attorney should be paid nothing unless the estate received a refund, and that, if it did, then the attorney was "to receive an amount equal to one-half of any such amounts so refunded, the one-half to be computed upon the gross amount received, i. e. including interest as well as principal."

The attorney succeeded in obtaining two refunds. The petitioner received them both in July, 1926. One was for $40,021.46 with interest amounting to $4,210.48. The other was for $109,899.68 with interest in the sum of $24,382.86. Upon receipt of the government checks, she paid the attorney forthwith one-half of the refund in each instance. No claim is made that the principal sums refunded constitute income. Nor does the petitioner now contend that one-half of the interest paid was not income. She agrees that so much was properly included by the Commissioner in her gross income, but insists that the one-half of the interest received and paid to the attorney as his fee for obtaining the income was an allowable deduction to her as an ordinary and necessary expense incurred in carrying on a trade or business if all the interest was rightly included in her gross income or, in the alternative, was money received by her belonging to the attorney under the terms of his retainer which constituted no part of her gross income.

We think her alternative position that all the interest received did not become a part

of her gross income is clearly untenable. She was under no obligation to pay any part of the interest as such to her attorney. It was merely to be used as a part of the measure of the amount due him for his services. The terms of the retainer contract show that clearly. He was to receive "an amount equal to one-half of what was refunded." Other than as they afforded the basis for computing the fee due him, he had no interest in the refunds themselves.

On her claim for the deduction of that part of the attorney's fee attributable to the refund of interest, an attempt has been made to have the language used by Congress in permitting the deduction of the ordinary and necessary expenses incurred in carrying on a trade or business construed to cover broadly any expenses ordinarily and necessarily incurred in obtaining income. In this way the petitioner would distinguish the part of the fee paid the attorney for securing the refund of the principal of the taxes paid, which she does not seek to deduct, from that paid for obtaining the interest. The deduction claimed, moreover, is from her own personal gross income although formally at least she incurred the expense as executrix of her husband's estate. It is obviously impossible for her to deduct the expenses of administration of the estate from her personal gross income, but that point has not been taken by the government, and we will treat the claim as though, as was probably in fact true, she personally employed the attorney to obtain money belonging to her as sole beneficiary of the estate which paid the taxes.

Thus treated, the fee paid the attorney for securing the interest refunded was paid to enforce the personal rights of the petitioner and is not deductible. Commissioner v. Field (C. C. A.) 42 F.(2d) 820; Lindley v. Commissioner (C. C. A.) 63 F.(2d) 807. When she incurred this expense, she was carrying on no trade or business distinguishable from her purely personal affairs in which her expenses are expressly made non-deductible. The point where the one class of expenses merges into the other is often hard to determine. But, however blurred it may be, it is necessary to keep the distinction which Congress has made. If we were to agree with the argument of the petitioner's counsel that the real test of deductibility is whether the expense was an ordinary and necessary one in obtaining income, we would take what might be supported as a fair one. If Congress had intended to allow deductions on that basis, however, it would have been too simple and easy to have said so to make it reasonable to believe that such was intended by the language which plainly limited expenses deductible to those incurred ordinarily and necessarily in carrying on a trade or business. If they come within the definition, expenses not incurred in obtaining income are deductible. The petitioner is really seeking to obtain the result which would follow from reporting net income only instead of that which follows from the present scheme of the law in getting the taxable net by taking allowable deductions from the statutory gross.

Some suggestion has been made that the amount claimed may have been deductible as a loss in a transaction entered into for profit, but that seems too far-fetched to require more than this indication that it has not been overlooked.

Affirmed.