## ALGERNON S. SCHAFER *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.*

No. 24.  Argued November 17, 1936.—Decided December 7, 1936.

*Mr. Eugene Untermyer*, with whom *Mr. Edgar J. Goodrich* was on the brief, for petitioners.

*Assistant Attorney General Jackson,* with whom *Solicitor General Reed* and *Messrs. Sewall Key, Carlton Fox,* and *Charles A. Horsky* were on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Petitioners in these three causes were partners in Schafer Brothers, brokers at 120 Broadway, and member of the New York Stock Exchange. The firm traded for others; also bought and sold securities for itself. The

---

* Together with No. 25, *Edward Schafer* v. *Helvering, Commissioner of Internal Revenue;* and No. 26, *Tim et al., Executors,* v. *Helvering, Commissioner of Internal Revenue.* On writs of certiorari to the United States Court of Appeals for the District of Columbia.

latter were carried on its books in the so-called "Error Account."

In order to ascertain the partners' taxable profits during 1929 the Commissioner held that securities in that account should be valued at their cost price; that as to them the partnership was not a dealer permitted to use inventories under Article 105, Treasury Regulations 74. Accordingly he found material deficiencies against each of the petitioners. The Board of Tax Appeals sustained his action; the court below affirmed.

The petition, upon which we granted the writs, states this as the "question presented": "Was the partnership of which these petitioners were members a 'dealer in securities' as to securities bought and sold for its own account, and as such entitled to inventory such securities at cost or market, whichever was lower, in computing its income for 1929? . . . Determination of the amount thus to be included in the income of each petitioner depends upon the basis upon which the partnership income is computed."

And as "reasons for granting the writs" it averred: "(1) The decision of the Court of Appeals of the District of Columbia is in irreconcilable conflict on a matter of statutory interpretation with the decision of the Court of Appeals for the Second Circuit in *Commissioner* v. *Stevens*, 78 F. (2d) 713, and with the decision of the Court of Appeals for the Third Circuit in *Commissioner* v. *Charavay*, 79 F. (2d) 406. (2) The precise question of statutory construction here presented is one of general public importance which has never been settled, and should be determined by this Court because of the number of pending cases involving the question, as well as the frequent occasions that the question is bound to arise in the future."

Our consideration is confined to the issue so tendered by the petition.

*Commissioner* v. *Stevens* and *Commissioner* v. *Charavay, supra,* turned on the question whether Stevens and Legg, a "Specialist" on the New York Stock Exchange, was a dealer whose profits should be determined upon inventories under Article 105, Treasury Regulations 74. The Board of Tax Appeals held it was, and the Circuit Court of Appeals in both the Second and Third Circuits approved that view. Considering the differing circumstances, we find no real conflict between the holdings in those cases and the ruling below. See *Vaughan* v. *Commissioner,* 85 F. (2d) 497.

Pertinent provisions, Revenue Act of 1928, c. 852, 45 Stat. 791, and Treasury Regulations 74, are in the margin.*

---

* Revenue Act of 1928, c. 852, 45 Stat. 791:

"Sec. 22. GROSS INCOME.

" . . .

"(c) *Inventories.*—Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

Treasury Regulations 74:

"Art. 101. *Need of Inventories.*—In order to reflect the net income correctly, inventories at the beginning and end of each year are necessary in every case in which the production, purchase, or sale of merchandise is an income-producing factor. . . .

"Art. 105. *Inventories by dealers in securities.*—A dealer in securities, who in his books of account regularly inventories unsold securities on hand either—

    (a) At cost;

    (b) At cost or market, whichever is lower; or

    (c) At market value,

may make his return upon the basis upon which his accounts are kept; provided that a description of the method employed shall be included in or attached to the return, that all the securities must be inventoried by the same method, and that such method must be

Schafer Brothers was not a "Specialist" in the stocks entered in its "Error Account." The Board of Tax Appeals found: "The stocks in dispute were purchased for the firm's own account solely in expectation of a rise in the market, for sale to anyone at a profit 'as distinguished from a purchase to create a stock of securities to take care of future buying orders in excess of selling orders.' " "They were purchased solely in expectation of a rise in the market, for the partnership's own account for resale, to any buyer, at a profit. The meaning of 'dealer in securities,' as defined in the controlling regulation, has been considered many times by the courts, and this Board. It is limited to one who, as a merchant, buys and sells securities to customers for the profit thereon."

The evidence adequately supports these findings.

*Seeley* v. *Commissioner,* 77 F. (2d) 323, *Hammitt* v. *Commissioner,* 79 F. (2d) 494, and *Vaughan* v. *Commissioner, supra,* are in harmony with our conclusion.

We find no adequate reason for disturbing the challenged judgment, and it is

*Affirmed.*

Mr. Justice Stone took no part in the consideration or decision of these cases.

---

adhered to in subsequent years, unless another be authorized by the Commissioner. For the purpose of this rule a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom. If such business is simply a branch of the activities carried on by such person, the securities inventoried as here provided may include only those held for purposes of resale and not for investment. Taxpayers who buy and sell or hold securities for investment or speculation and not in the course of an established business, and officers of corporations and members of partnerships who in their individual capacities buy and sell securities, are not dealers in securities within the meaning of this rule."