# HELVERING, COMMISSIONER OF INTERNAL REVENUE, v. FRIED.*

No. 186.   Argued November 17, 1936.—Decided December 7, 1936.

*Assistant Attorney General Jackson,* with whom *Solicitor General Reed* and *Messrs. Sewall Key, Carlton Fox,* and *Charles A. Horsky* were on the brief, for petitioner.

*Mr. John J. Curtin* for respondents.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Respondents in these two causes were partners as Albert Fried & Company, brokers, member of the New York Stock Exchange, with offices at 120 Broadway. When he undertook to determine their individual taxable profits during 1931, the Commissioner denied their claim that the firm's operations on the Exchange as a "Specialist" in thirteen stocks gave it the status of dealer therein, entitled to the privilege of inventorying such securities for tax purposes at market value under Article 105, Treasury Regulations 74, Revenue Act 1928.

---

\* Together with No. 187, *Helvering, Commissioner of Internal Revenue,* v. *Einhorn.*   Certiorari to the Circuit Court of Appeals for the Second Circuit.

Upon stipulated facts the Board of Tax Appeals, although sharply divided, sustained his action. The Court below held the firm was a dealer within the Regulations, regarded *Commissioner* v. *Stevens*, 78 F. (2d) 713 as controlling, and reversed the Board's decision. Certiorari was granted here upon the Commissioner's petition, which affirms that the question presented is "Whether the respondents were dealers in certain securities in which they specialized so as to entitle them to inventory the securities at market value in determining income."

Pertinent provisions of the Revenue Act and Treasury Regulations are set out in the opinion in *Schafer* v. *Commissioner*, this day announced, *ante*, p. 171.

The stipulated facts show—

Alfred Fried and Benjamin Einhorn composed the firm, Alfred Fried & Company, 120 Broadway, organized in 1929, and member of New York Stock Exchange. It is a "Specialist" in thirteen specified stocks there bought and sold. A "Specialist" is a qualified member who accepts orders in selected securities from other members for execution.

As such "Specialist" the firm filled orders either by buying or selling its own securities or by matching like orders of buyer and seller. It leased space on the Exchange floor at an annual rental of $2,000.00, and there carried on business in the thirteen stocks. The firm was known to all members as a "Specialist" and was regularly and consistently engaged in purchases and resales. It is the practice for a member who desires to buy or sell a stock to place his order with the "Specialist" therein. The firm always had on hand the securities in which it specialized. The number (from 10,300 to 62,300) of shares of these owned by the firm at the end of each month in the year under review is stated. In one month—for example—of the 126,200 shares Air Reduction stock sold on the Exchange, 59% was sold by Fried & Company.

All stocks bought and sold by the firm were actually received and delivered. During the tax year it sold 1,762,100 shares of the thirteen stocks. Of other stocks it sold 119,600 shares.

Since its inception the firm has regularly inventoried unsold securities at the market and computed tax liability on that basis. On numerous occasions it purchased and sold in order to maintain fair and equitable markets and, as far as possible, has tried to prevent wide fluctuation in prices. During the year the partnership sold to 431 customers in amounts ranging from 100 to 5,700 shares. These customers were other members of the Stock Exchange acting for themselves or their principals.

We think the facts stipulated adequately establish that Fried & Company had an established place of business; that it regularly engaged in the purchase of certain specified securities and their resale to customers; that as a merchant it bought securities and sold them to customers with a view to the gains and profits that might be derived therefrom. Also that the evidence afforded no adequate basis for a contrary finding by the Board of Tax Appeals.

The Board's conclusion was announced (1934) prior to the decision (1935) of *Commissioner* v. *Stevens, supra.* In that cause, also in *Vaughan* v. *Commissioner,* 85 F. (2d) 497, the Circuit Court of Appeals, Second Circuit, describes the activities of "Specialists" on the Stock Exchange and concludes that they are dealers or merchants, in respect of the securities wherein they specialize, entitled to the benefit of Article 105 of Treasury Regulations 74.

We accept the conclusions reached below and need not repeat the adequate arguments advanced to support them.

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of these cases.