HENRY D. MYGATT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LILLIAN P. HAYES AND JOHN A. HAYES, JR., AS EXECUTORS OF THE ESTATE OF JOHN A. HAYES, DEC'D., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

F. KINGSLEY RODEWALD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWIN D. MORGAN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RICHARD WHITNEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 76657, 76658, 76659, 76660, 76661.

Promulgated December 29, 1936.

*Frederic E. Mygatt, Jr., Esq.*, for the petitioners.
*W. R. Lansford, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency in the income tax of each petitioner for the year 1929. Counsel have agreed that there will be no deficiencies if the partnership known as Richard Whitney & Co. was entitled to inventory its holdings of United Corporation common stock.

The petitioners were partners during 1929 in the partnership of Richard Whitney & Co. The partnership owned a membership on the New York Stock Exchange. It became a "specialist" in United Corporation stock, common and preferred, on October 8, 1929, and continued as such throughout the remainder of the year 1929. The partnership, as specialist, constantly provided a market for other brokers desiring to buy or sell the United Corporation stock. It bought if there was a seller but no other bidder, and it sold if there was a buyer but no other seller. It conducted this business at a fixed post on the floor of the exchange. In order to conduct this business, it was required to own quantities of the stock at times and at other times to be short of the stock. At the close of business on December 31, 1929, it owned 1,800 shares of United Corporation common stock which had cost it $42 per share and then had a market value of $32 per share. The partnership reported a loss of $18,400, representing the above difference, and that loss was reflected in the returns of the partners. The Commissioner disallowed the loss and increased the income of the partners accordingly.

No reference was made on the partnership return for 1929 to the fact that the income had been computed by the use of inventories or that the use of inventories was necessary in computing its income.

The figures and other facts are not in dispute. The question is whether a specialist in a security on the New York Stock Exchange may inventory its holdings of the security for income tax purposes. The answer is that it may. *Helvering* v. *Fried*, 299 U. S. 175. This is so regardless of whether or not "a description of the method employed" was "included in or attached to the return." *Vaughan* v. *Commissioner*, 85 Fed. (2d) 497, reversing on this point 31 B. T. A. 548; certiorari denied, 299 U. S. 606; *Commissioner* v. *Stevens*, 78 Fed. (2d) 713; *Commissioner* v. *Charavay*, 79 Fed. (2d) 406; *Estate of Harry E. R. Hall*, 29 B. T. A. 1255. The case of *Schafer* v. *Helvering*, 299 U. S. 171, affirming 83 Fed. (2d) 317, and 32 B. T. A. 289, did not involve the present question. The same is true of *Seeley* v. *Commissioner*, 77 Fed. (2d) 323. The cases of *James B. Lowell*, 30 B. T. A. 1297; *Alfred Fried*, 31 B. T. A. 638 (reversed, *supra*); and *Frederic H. Brendle*, 31 B. T. A. 1188, were, of course, incorrectly decided so far as this point is concerned.

*Decision will be entered for the petitioners.*