LANSING McVICKAR, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77993. Promulgated April 22, 1938.

*Thomas M. Wilkins, Esq.*, for the petitioner.
*Harold F. Noneman, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency of $6,566.09 in the petitioner's income tax for the year 1931. One of the issues raised was waived by the petitioner and another was conceded by the respondent. The only question which the parties present for decision by the Board is whether in computing the petitioner's gain or loss from securities sold within the year the basis to be used is the cost of those securities, or the inventory value of the securities at the beginning of the year. That issue is not raised as clearly as it might be, but the parties fully understood that it was the issue. All of the

essential facts have been agreed to by the parties, either in the written stipulation filed at the hearing or otherwise. Since the facts have been thus established it is unnecessary for the Board to make any findings of fact.

The petitioner in 1930 began to devote all of his time to the trade or business of speculating in or buying and selling securities on his own account for a profit. This continued throughout 1930 and 1931. He was not a dealer in securities within the meaning of that term as defined in the Commissioner's regulations, i. e., he was not a merchant of securities with an established place of business regularly engaged in the purchase of securities and their resale to customers. He filed his Federal income tax returns for 1930 and 1931 with the collector of internal revenue for the second district of New York. He described his occupation on his return for 1930 as "broker and dealer in securities." He reported on that return as his profit from business or profession a loss of $65,232.84. He computed that loss as follows: He deducted $241,669, representing the inventory value of the securities which he had on hand at December 31, 1930, from the cost of all of the securities which he owned at any time during the year. He then deducted that remainder from the gross amount which he had received during the year from the sale of securities, and added two small items, one of interest paid and another of expenses. The result was a loss of $65,232.84. The return showed, under net income, a minus quantity of $64,242.32 and no tax due.

The petitioner stated on his 1931 return that his occupation was "dealer in securities." He deducted on that return $64,242.32, representing a net loss for 1930, and reported as income from business or profession for 1931 the amount of $63,131.71, computed as follows:

| | | |
|---|---:|---:|
| Gross Sales | | $3,784,244.33 |
| Inventory Jan. 1, 1931 | $241,669.00 | |
| Purchases | 3,470,459.85 | |
| | 3,712,128.85 | |
| Inventory Dec. 31, 1931 | | 3,712,128.85 |
| Gross Gain | | 72,115.48 |
| Less Expenses: | | |
| Interest paid | 1,376.72 | |
| Business Expenses including Standard Statistics, financial charts, services and information, telephone and stenographic services | 7,607.05 | |
| | | 8,983.77 |
| Net Gain | | $63,131.71 |

The Commissioner in determining the deficiency increased the petitioner's income as shown by his return for 1931 by $59,172.93, described as "1930 loss overstated," and explained that the petitioner

was not a dealer and therefore had no right to write down his securities to market at the close of 1930. The effect of this adjustment was to allow $5,069.31 to be carried forward to 1931 as a net loss of the year 1930. The cost of the securities which the petitioner had on hand at the close of 1930 was $368,634.93. His income for 1930 was understated by the difference between the cost of the securities on hand at the close of the year and the inventory value of those securities. Elimination of this error would show his correct taxable net income for 1930 to have been $119,707.39, instead of a net loss.

Although on his return for 1931 he used the phrase "Inventory Dec. 31, 1931," it appears that he had no securities on hand at that time, but had sold during the year not only all of the securities which he had purchased during that year, but all of those which he had on hand at the beginning of the year. Thus, the only inventory that the petitioner ever made use of in his income tax returns was the inventory as of December 31, 1930. He kept no books.

The petitioner first concedes that no deduction should be allowed for 1931 as a net loss of 1930, because he was not entitled to use a closing inventory and consequently had no loss. But his error did not stop there, for he was consistent in it and used the closing inventory of 1930 as the opening inventory for 1931. He had no right to use the inventory in either year. Therefore, he now contends that he erred on his return for 1931 in computing a gain from his business for that year. That gain was computed by the use of the opening inventory which he had no right to use. A correct computation of the gain or loss from his business for that year can be made only by taking the difference between the actual cost of the securities which he sold and the amount realized from the sales in 1931. That difference is a loss of $54,231.73. The loss far exceeds the other items in controversy, so that a correct computation of his income tax liability for 1931 will show, not only no tax due for the year, but a substantial net loss.

The respondent contends, however, that the petitioner's tax liability for 1931 can not be computed in accordance with the provisions of the revenue act. That is, in the second amended answer he makes the contention that the petitioner, having used a closing inventory for 1930, must be held to the use of the same figure as the opening inventory for 1931, on the ground of estoppel. The estoppel, he says, consists of the statement on the return for 1930 that the petitioner was a dealer in securities. The Commissioner claims that he was misled by this statement to his disadvantage in that, as a result of that statement, he made no investigation, took no steps to assess or collect the tax until the statute of limitations had run, and so lost the tax due for 1930. Consequently, he would estop the petitioner to deny that the opening inventory for 1931 is proper. The parties

have stipulated that the Commissioner made no field investigation of the petitioner's income tax liability for 1930 until January 1934. The Commissioner allowed the statute of limitations to run as to 1930 without ever assessing or collecting any tax for that year.

The Commissioner recognizes that he has the burden of pleading and proving the necessary elements of an estoppel. The essential elements of an estoppel include (1) the party to be estopped must have made a misrepresentation or concealment of the existence of a material fact, (2) the party claiming the benefit had a right to rely upon that fact, (3) he did rely upon it, and (4) thereby suffered loss or damage. Since the misrepresentation upon which the Commissioner says he relied was the statement in the petitioner's return which described him as a dealer in securities, it is necessary to consider that statement to see whether or not it is the basis of an estoppel.

Section 22 (c) of the Revenue Act of 1928 provides that inventories shall be used as the Commissioner may prescribe in his regulations. He provided in his regulations that only a "dealer" could inventory his securities, and he there defined a dealer as a merchant of securities with an established place of business, regularly engaged in the purchase of securities and their resale to customers. Art. 105, Regulations 74; *Schafer* v. *Helvering*, 299 U. S. 171. The question of whether or not a particular person is a dealer within the meaning of the term as defined in the Commissioner's regulations involves a mixed question of law and fact. Consequently, the petitioner's statement on his return that he was a dealer in securities could have been no more than his conclusion on a matter as to which there is room for difference of opinion. *Schafer* v. *Helvering, supra; Helvering* v. *Fried*, 299 U. S. 175; *Helvering* v. *Einhorn*, 299 U. S. 175; *Edmund S. Twining*, 32 B. T. A. 600; affd., 83 Fed. (2d) 954; certiorari denied, 299 U. S. 578; *Berks County Trust Co.* v. *Commissioner*, 78 Fed. (2d) 810; *Harriman National Bank* v. *Commissioner*, 43 Fed. (2d) 950; *Hammitt* v. *Commissioner*, 79 Fed. (2d) 494; *C. E. Wilson*, 29 B. T. A. 1022; affd., 76 Fed. (2d) 476. The statement by the petitioner on the return that he was a dealer was not a statement of fact upon which the Commissioner could rely, but was a conclusion of the taxpayer upon a question as to which the prudent Commissioner would have to draw his own conclusion. That conclusion involved the proper interpretation of the Commissioner's own regulations and the application of those regulations to the facts. The Commissioner well knew that he could not afford to rely upon the petitioner's conclusion. The Commissioner can not successfully claim to be misled about such matters. *Tide Water Oil Co.*, 29 B. T. A. 1208. Nor do we suppose that he actually relies upon such statements in returns. His failure to investigate as

to 1930 may have been due to other causes. There is only an inference that it misled him in this case. A similar statement was made on the 1931 return, yet the Commissioner made a timely investigation as to that year. The mere fact that he delayed in investigating 1930 does not prove that he was misled. If the petitioner had misstated or misrepresented any material fact bearing upon the question of whether or not he was a dealer within the meaning of that term as defined in the Commissioner's regulations, the situation would be different. The petitioner apparently thought that he could be correctly described as a dealer. Thus, three of the essentials of an estoppel are lacking, to wit, a misrepresentation of some material fact upon which the other party had a right to rely and did rely.

Another essential of an estoppel is also lacking. The Commissioner has failed to prove damage. He has shown that he lost almost $21,000 of tax that was due for 1930, but in this case that was not enough. The closing inventory for 1930 was also the opening inventory for 1931. Although the petitioner used that closing inventory erroneously to his advantage for 1930 he used the same inventory just as erroneously in 1931 and reported for that year net income of $2,529.17 when a correct return would have shown a net loss of about $55,000. The statute permitted him to carry forward that net loss into 1932. It does not appear that he did so. He may have lost forever the benefit of that deduction for 1932, and it is possible that he overpaid taxes for 1932 in excess of the amount which he erroneously failed to pay for 1930. In other words, the final result of the error which the taxpayer made in using a closing inventory for 1930 may be that he has paid more tax than he owes. In this state of the record it can not be held that the Commissioner has proven a loss. The Commissioner had the burden of proof to establish estoppel, and a lack of proof is not to be supplied by inference. The error for 1930 may not be corrected by a deliberately erroneous computation of the tax for 1931. The loss which the petitioner sustained in 1931 so far exceeds the other items in controversy that it is apparent that there is no deficiency for that year.

The respondent relies upon the recent decision in the case of *L. T. Alverson*, 35 B. T. A. 482, but the two cases are somewhat different. There Alverson had kept books and had used inventories for a period of years, with the approval of the Commissioner. He sought to change to the cost basis without any adjustment for the cost recovered in prior years. A change such as that requires an adjustment at the time of the change if the use of inventories was proper in the prior years. Here the petitioner kept no books and never was permitted by the Commissioner to use inventories.

*Decision will be entered for the petitioner.*