## COMMISSIONER OF INTERNAL REVENUE v. BURNETT.

## BURNETT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9488.

Circuit Court of Appeals, Fifth Circuit.

March 26, 1941.

Ellis N. Slack, Michael H. Cardozo, IV, and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington D. C., for Commissioner of Internal Revenue.

Harry C. Weeks, of Fort Worth, Tex., Benj. L. Bird, of St. Louis, Mo., and Warren Scarborough, of Fort Worth, Tex., for O. L. Burnett.

W. Montague Geer, Jr., of New York City, for amicus curiæ.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

For many years the taxpayer, Mrs. O. L. Burnett, has been engaged in buying and selling stocks and commodities on her own account through brokers on margin. She maintained an office in the First National Bank Building in Fort Worth, Texas, and, although not engaged in the brokerage business, she bought stocks and commodities through a yearly average of 584 transactions involving many thousands of dollars. In addition to stock and commodity trading Mrs. Burnett acted as consultant and adviser to the trustees of the Estate of S. B. Burnett, of which estate she was a beneficiary.

In her income tax return for 1934 Mrs. Burnett claimed deductions of (1) losses of $18,962.21 on securities and commodity trading, (2) attorney's fees of $9,600, and (3) a worthless stock item of $15,420 which is not involved on this appeal.

By letter of May 19, 1937, the Commissioner notified Mrs. Burnett of the determination of a deficiency of $4,901.40 in her income taxes for the year 1934. She filed petition for redetermination of the deficiency, and the Board of Tax Appeals held as follows:

"1. During the taxable year 1934 petitioner was carrying on the trade or business of purchasing and selling securities and commodities for her own account through brokers on margin accounts and incurred a loss of $18,964.21 in such trad-ings. *Held,* the securities and commodities which petitioner thus purchased and sold 'were not property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business' as provided by section 117(b), Revenue Act of 1934, and the limitation of capital loss provisions of section 117(d) of the 1934 Act applies. * * *

"2. The petitioner paid attorney's fees in the taxable year for securing a refund of her own income tax paid in a prior year. This refund was due to a decrease in the petitioner's distributable income from the estate of S. B. Burnett, a large estate for which the petitioner, since its beginning in 1922, has acted as consultant and adviser to the trustees in the adoption of policies, purchases and sale of cattle, handling of oil interests, and general oversight of the properties. *Held,* the expenditure for attorney fees thus made is deductible as an ordinary and necessary business expense." 40 B.T.A. 605.

Both the Commissioner and the taxpayer filed petitions for review of the decision of the Board.

██ There is no contention that Mrs. Burnett took active part in the management of the corporations or other enterprises whose securities she held. Under the rule laid down in Higgins v. Commissioner, decided by the Supreme Court on February 3, 1941, 61 S.Ct. 475, 85 L.Ed. ——, which affirmed 2 Cir., 111 F.2d 795, and 39 B.T.A. 1005, the investment and speculative activities of the taxpayer were not sufficient to warrant a conclusion that she was engaged in a trade or business within the meaning of Section 23(e) (2) of the Revenue Act of 1934, 26 U.S.C.A. Int. Rev.Acts, page 672. Kane v. Commissioner, 2 Cir., 100 F.2d 382; Miller v. Commissioner, 9 Cir., 102 F.2d 476; Cf. Kales v. Commissioner, 6 Cir., 101 F.2d 35, 122 A.L.R. 211; concurring opinion in Deputy v. DuPont, 308 U.S. 488, 499, 60 S.Ct. 363, 84 L.Ed. 416. If, however, we assume that the taxpayer was in a "trade or business", the item of loss from the sale of securities and commodities would not be deductible. There is substantial evidence to support the finding of the Board that Mrs. Burnett was not a "dealer in securities", and that the securities and commodities purchased by her were not held "primarily for sale to customers in the ordinary course of his [her] trade or business" as provided by Section 117(b)

of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 707. The taxpayer was not entitled to use inventories in determining net income, and the limitation on deductible capital losses provided by Section 117(d), 26 U.S.C.A. Int.Rev.Acts, page 708, was applicable. Section 23(j), Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 673; T.R. 86, Revenue Act of 1934, Art. 22(c)5; Schafer v. Helvering, 299 U.S. 171, 57 S.Ct. 148, 81 L.Ed. 101; Seeley v. Commissioner, 2 Cir., 77 F.2d 323.

The Commissioner contends that the attorney's fee allowed as a deduction by the Board was not "an ordinary and necessary business expense of the taxpayer". . The expenditure of the attorney's fee had no connection with the taxpayer's stock and commodity trading. The fee was paid for services in connection with obtaining a refund of personal income taxes arising out of an adjustment of distributable income from the Estate of S. B. Burnett. The fact that Mrs. Burnett acted as consultant to the trustees of the Estate of S. B. Burnett did not justify a finding that she was engaged in a trade or business. Moreover, the beneficiary of a trust or estate who does not actively associate in the business of the trust is not in a trade or business. The attorney's fee was a personal expense and was not deductible as an ordinary and necessary expense of business under Section 23(a), 26 U.S.C.A. Int.Rev.Acts, page 671. Higgins v. Commissioner, supra; Monell v. Helvering, 2 Cir., 70 F.2d 631; Cf. Kales v. Commissioner, 6 Cir., 101 F.2d 35, 122 A.L.R. 211.

In the taxpayer's brief it is contended that, in any event, the Board should have allowed deduction of certain sale commissions and taxes paid by Mrs. Burnett. We do not decide this question for it does not appear that this issue was presented to or decided by the Board. Furthermore, the petition for review filed in this court contains no assignment of error relative to these claims. General Utilities Co. v. Helvering, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154.

For error in allowing deduction of the attorney's fees the petition of the Commissioner is granted and the decision of the Board on this issue is reversed. The petition of the taxpayer is denied and the decision of the Board is affirmed.

The Board will enter decision in conformity with this opinion.