GEORGE J. WIBBELSMAN, PETITIONER ET AL.,* *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16410, 16411, 16412, 16413, 16414, 16415.

Promulgated June 9, 1949.

*Forrest M. Hemker, Esq.*, and *Edward L. Wiese, Esq.*, for the petitioners.
*Lawrence R. Bloomenthal, Esq.*, for the respondent.

---

*Proceedings of the following petitioners are consolidated herewith: Marie K. Federer; Coletta Bouckaert; Philip Bouckaert; Peter Bouckaert; and Joseph Heitz and Hanna Heitz.

OPINION.

ARNOLD, *Judge*: The petitioners in their income tax returns for 1944 reported capital gains upon the seven sales of real estate effected in 1944 from lands held by the syndicate of which they, or their representatives, were members. The gains were reported as long term gains, except as to a sale made in March, the gain from which was reported as short term. The respondent determined deficiencies, holding that the gains were not from the sale of capital assets.

Petitioners contend that the land sold in 1944 was not held for sale to customers in the ordinary course of trade or business, but constituted capital assets, because the property when acquired was not desirable and not salable, having been on the market for years; it was acquired involuntarily because its acceptance was a condition of the purchase of the property desired by the petitioners; they made no attempt themselves, or by their agent, to sell it; the volume of sales in 1944 was insignificant; the sales were casual and isolated and not frequent enough to constitute doing business; and the petitioners were engaged in their respective occupations alone during 1944, none being in the real estate business. Their argument is that they, through the syndicate, intended to subdivide at some future time and sell the 21-acre tract, sites F and N, but that the other property they were required to take with the purchase constituted capital assets and was not property held for sale to customers in the ordinary course of their trade or business.

Concededly, a taxpayer may hold certain property for sale to customers and other property of a similar character as an investment. *Schaefer* v. *Helvering*, 299 U. S. 171.

The sole purpose of the venture was to buy and sell the lands for a profit—not to hold them for investment. As soon as the lands were disposed of and the proceeds distributed, the purposes of the syndicate were accomplished. The agreement limited the venture to the lands acquired from the Laclede-Christy Clay Products Co. As to all such lands, the agreement recited: "which *said lands they contemplate selling* as a whole, in parcels, or as subdivided lands as may be best." While the agreement goes on to say that it was particularly contemplated that site F be the subject of subdivision activities, it does not anywhere negative an intent to dispose of the other parcels.

The agreement further recited: "At the discretion of the said Federer Realty Company, it shall arrange for *sales of all or portions* of said property." (Emphasis supplied.)

Petitioner Joseph Heitz, in testifying as to his understanding of the intended handling of the properties, said that Federer approached him about the deal; that Heitz looked at the property; that Federer said he would plan to develop the 21-acre tract and if there were losses on the other land it would be made up on the developed tract. On cross-examination Heitz testified as follows about the conversations with Federer:

Well, he said the Kingshighway tract is a possible losing proposition.

Q. Did he say that everything else in the deal was a losing proposition too?

A. Well, he had mentioned that certain outlying land—as he termed it, "cats and dogs"—we would lose money on those because *we would try to get rid of them to realize whatever we could.*

Q. Well, in other words, *there was no idea on your part* or on Mr. Federer's part *that you were going to hold those pieces of property for income? You were going to try to sell them,* and he, being in the real estate business, was going to try to sell them for you? Is that right?

A. That's right. [Emphasis supplied.]

Petitioner George J. Wibbelsman testified that to him there appeared a possibility of making money out of the 21-acre tract. As to the rest of the land, "it might be a loss or it might be a little profit."

Federer testified that he thought the syndicate might make from $100,000 to $150,000 profit on the 21-acre tract, and as to the other parcels "*I suggested that they liquidate the other property as rapidly as anyone offered a price for it.*" (Emphasis supplied.)

While the petitioners had other full time occupations, they may have been engaged in the real estate business within the meaning of section 117 (a) (1), Internal Revenue Code, through their agent, the Federer Realty Co. *Snell* v. *Commissioner*, 97 Fed. (2d) 891; *Fackler* v. *Commissioner*, 133 Fed. (2d) 509; *Brown* v. *Commissioner*, 143 Fed. (2d) 468. The respondent determined that the gain to the petitioners on the sales in 1944 was ordinary income, in effect determin-

ing that the tracts so sold were held for sale to customers in the ordinary course of the trade or business of the petitioners. The burden is on the petitioners to show error in this determination. They argue that, while they intended to engage in the business of subdividing and selling the 21-acre tract at some future time and they did return income so realized in subsequent years as ordinary income, the other parcels, from which the 1944 sales were made, were not held for sale to customers in the ordinary course of this trade or business. They do not say for what other purposes such land was held. It was not held as an investment, for they say the property was obviously undesirable from that point of view and it would require the payment of taxes to hold it. They did not intend to abandon it, for they paid the taxes. They do not say it was held for rental purposes, although it appears that rents were collected with respect to some of the lands. So far as the record shows, they intended to sell as early as possible and get what they could from it. They went into this venture in reliance upon Federer's advice, and this is the course he says he advised them to take. The evidence supports the respondent's determination.

Petitioners argue that the undesired parcels were not held for sale, since their acquisition was involuntary, as the petitioners were forced to take these parcels in order to get the tract they desired. We think this is not a case of lack of volition. The parties deliberately undertook to acquire and dispose of all the tracts. The situation is not similar to involuntary acquisitions such as through foreclosure of a mortgage, as in *Kanawha Valley Bank*, 4 T. C. 252, or *Thompson Lumber Co.*, 43 B. T. A. 726; or to prevent loss to a trust, as in *Boomhower* v. *United States*, 74 Fed. Supp. 997; or upon default of a loan, as in *Guthrie* v. *Jones*, 72 Fed. Supp. 784. The written agreement evidences a positive intent to dispose of *all* the lands and the testimony introduced likewise shows such intent. The case of *Frieda F. J. Farley*, 7 T. C. 198, cited by petitioners, is distinguishable. There the land was used for many years as a nursery and sales were made upon solicitation by purchasers when the use of the land for nursery purposes was becoming difficult. The land in that case was not acquired for purposes of sale at a profit.

The petitioners say also that the sales were so few in number, and so small a part of the total acreage was sold in 1944, as not to constitute doing business. They went into this venture in 1943 for the sole purpose of buying and selling certain lands at a profit. They expected that several years would be required to accomplish this. They desired to dispose of the unwanted parcels as quickly as possible. The sales might be small in number at first, but they were all in accordance with

the announced intention to dispose of all the lands as a business venture. We think they were engaged in business in the taxable year. See *Spanish Trail Land Co.*, 10 T. C. 430.

The respondent's determination is sustained.

*Decision will be entered for the respondent.*