CARL MARKS & Co., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15187. Promulgated June 30, 1949.

*Jacob J. Mertens, Jr., Esq.*, and *Orrin Judd, Esq.*, for the petitioner. *W. A. Schmitt, Esq.*, for the respondent.

1198

## OPINION.

HILL, *Judge*: The question is whether certain domestic and foreign securities which petitioner carried in its dealer account and which were transferred to its investment account on December 29, 1941, were thereafter capital assets within the definition of section 117 (a) of the Internal Revenue Code. If so, the profits realized from the sale of those securities during 1942 are taxable at the capital gain rates in accordance with the provisions of section 117, Internal Revenue Code, and not as ordinary income as respondent contends, and, in addition, the amount of such gain from those securities held for more than six months is excludable from petitioner's excess profits net income for the year 1942 in accordance with the provisions of section 711 (a) (1) (B) of the Internal Revenue Code.[2]

The securities involved are (1) certain of the domestic securities which were transferred from the dealer account to the investment account on December 29, 1941, and were sold during the taxable year 1942, and (2) certain of the foreign securities which were likewise transferred from the dealer account to the investment account on that date and were sold during the year involved. Petitioner con-

---

[2] SEC. 711. EXCESS PROFITS NET INCOME.

(a) TAXABLE YEARS BEGINNING AFTER DECEMBER 31, 1939.—The excess profits net income for any taxable year beginning after December 31, 1939, shall be the normal-tax net income, as defined in section 13 (a) (2), for such year except that the following adjustments shall be made:

(1) EXCESS PROFITS CREDIT COMPUTED UNDER INCOME CREDIT.—If the excess profits credit is computed under section 713, the adjustments shall be as follows:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(B) Gains and Losses from Sales or Exchanges of Capital Assets.—There shall be excluded gains and losses from sales or exchanges of capital assets held for more than 6 months.

tends that the domestic securities were originally acquired for investment purposes and that they were carried in the dealer account erroneously. It admits that the foreign securities were originally acquired for resale to customers in the ordinary course of business, but contends that they were "converted to investments" on December 29, 1941.

Respondent, as we have pointed out in our findings, has conceded (rightly, we think) that the securities which petitioner purchased for the investment account during the taxable year 1942 constituted investments and that the profits derived from the sale of such securities during that year are taxable as capital gains. He argues, however, that the securities, both foreign and domestic, which were transferred to the investment account on December 29, 1941, were not investments, although it is not disputed that they were carried on petitioner's books, segregated, held, and disposed of in the same manner as those purchased for the investment account subsequent to January 1, 1942. In our view, the distinction between the respective securities, as contended by respondent, is unwarranted and the securities here involved were capital assets and should be treated as such for tax purposes. Certainly it can not be argued that securities once acquired for resale to customers must forever retain their dealer status, when in fact there has been a conversion of those securities from a dealer to an investment account. *E. Everett Van Twyl*, 12 T. C. 900. The crucial factor to consider in determining the character of the securities involved is the purpose for which they were held during the period in question, and in this case we believe the facts show that those securities were held for investment purposes after December 29, 1941.

Petitioner took detailed and extensive steps, as shown in our findings, to segregate the handling of the securities transferred to the investment account, both physically and on its books of account. Its holding and disposition of such securities were different from those left in the dealer account. The investment account established on December 29, 1941, was not temporary, but was a permanent arrangement, as shown in our findings. It was continued as an increasingly important unit of petitioner's business.

Our conclusion, of course, embraces the domestic securities transferred to the investment account on December 29, 1941, which we have found as a fact were held only for investment purposes, both prior and subsequent to that date.

Respondent assigns two principal reasons against that result. The first is that securities which were inventoried prior to December 29, 1941, could not be converted into investments "where the disposition and sales of the said securities are transacted in the same manner as in the case of its other dealer securities." Putting it another way, he

states "that these securities should remain in inventory because there was no substantial difference in merchandising" the investment securities. Respondent's position, however, appears to be inconsistent, for those securities were carried on petitioner's books and disposed of in precisely the same manner as the securities which he admitted at the hearing were held for investment purposes only during the year involved.

Respondent's second contention is that, because the securities transferred on December 29, 1941, from the dealer account to the investment account were inventoried for sale to customers in the ordinary course of its business, they could not be taken out of dealer inventory unless petitioner obtained the Commissioner's permission so to do, citing section 22 (c), Internal Revenue Code, and Regulations 111, section 29.22 (c)-5. It has been held by a long line of cases that taxpayers may not include in inventory securities which were shown to be held for investment or speculation rather than for dealer purposes. *Schafer* v. *Helvering*, 299 U. S. 171; *Seeley* v. *Helvering*, 77 Fed. (2d) 323; *Vaughan* v. *Commissioner*, 85 Fed. (2d) 497; *Fuld* v. *Commissioner*, 139 Fed. (2d) 465; see also Regulations 111, sec. 29.22 (c)-5. We do not understand that section 22 (c) or the regulations go so far as to say that each time a dealer in securities in fact transfers certain of his securities from inventory to an investment account he must get permission from the Commissioner to do so before he can treat them as capital assets. Regulations 111, *supra*, provides in part as follows:

SEC. 29.22 (c)-5. INVENTORIES BY DEALERS IN SECURITIES.—A dealer in securities who in his books of account regularly inventories unsold securities on hand either—

(a) At cost,

(b) At cost or market, whichever is lower, or

(c) At market value,

may make his return upon the basis upon which his accounts are kept; provided that a description of the method employed shall be included in or attached to the return, that all the securities must be inventoried by the same method, and that such method must be adhered to in subsequent years, unless another method be authorized by the Commissioner pursuant to a written application therefor filed with the Commissioner as provided in section 29.41-2. * * * For the purpose of this rule, a dealer in securities is a merchant of securities, whether an individual, partnership, or corporation, with an established place of business, regularly engaged in the purchase of securities and their resale to customers; that is, one who as a merchant buys securities and sells them to customers with a view to the gains and profits that may be derived therefrom. *If such business is simply a branch of the activities carried on by such person, the securities inventoried as here provided may include only those held for purposes of resale and not for investment.* Taxpayers who buy and sell or hold securities for investment or speculation, irrespective of whether such buying or selling constitutes the carrying on of a trade or business, and officers of corporations and members of partnerships who in their individual capacities buy and sell securities, are not dealers in securities within the meaning of this rule. [Italics supplied.]

Respondent also cites in support of his argument on this point *Vance Lauderdale*, 9 T. C. 751. That case, however, is distinguishable from the one here, for in it the taxpayer did not establish that the securities were capital assets. One of the partnerships involved, designated the "old partnership," which dealt in those securities did not use any inventory in determining its return of income for the year in question, which had been its practice in previous years. Since the securities therein were still dealer securities and they were still owned by the "old partnership," it was incumbent on it to continue using an inventory in its return of income unless it had previously requested and obtained permission from the Commissioner to change. In other words, the taxpayer there changed its method of accounting without the Commissioner's permission, as is required by the regulations. Regulations 111, sec. 29.41–2. In this case, however, the petitioner has established that the securities involved were converted to investments and that the exclusion of them from inventory was in accordance with the regulations and its method of accounting.

In view of the above, therefore, we hold that those securities sold during 1942 which were part of those transferred from the dealer account to the investment account on December 29, 1941, were capital assets and that the profits which accrued from those sales should be treated taxwise in accordance with the provisions of sections 117 and 711 (a) (1) (B) of the code.

It follows that respondent erred in his determination.

Reviewed by the Court.

*Decision will be entered under Rule 50.*