OPINION Raum, Judge: Petitioners argue that Triton’s losses from trading in securities, particularly its losses on short sales, must be treated as ordinary losses rather than capital losses. We disagree. The proper classification of the net loss in question does not depend upon the number of transactions or the degree of trading activity or the fact that the principal component of the net loss was attributable to the short sales. Rather, it depends upon whether the securities sold in connection with the regular sales and the securities used to close the short sales constituted “capital assets” within the meaning of section 1221 of the 1954 Code. The term “capital asset” is defined therein, subject to certain exceptions, to mean “property held by the taxpayer (whether or not connected with his trade or business).” Accordingly, the question before us is whether any of those exceptions are applicable. And the only exception of any possible pertinence is contained in subsection (1) of section 1221 which provides that the term “capital asset” does not include— (1) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business; The securities involved herein do not qualify for exclusion under the foregoing provisions. Certainly, they were not “stock in trade * * * or other property of a kind which would properly be included in the inventory of the taxpayer.” Triton was not a dealer or merchant regularly engaged in the sale of securities to customers in the ordinary course of its trade or business. It did not use inventories in determining income and indeed was not entitled to do so under regulations of the Commissioner which permit their use by dealers in securities and expressly provide that taxpayers “who buy and sell or hold securities for investment or speculation, irrespective of whether such buying or selling constitutes the carrying on of a trade or business, * * * are not dealers in securities within the meaning of this section.” Kegulations section 1.411-5 issued under the Internal Kevenue Code of 1954. Triton was merely engaged in stock market speculation, buying and selling through a licensed broker for its own account. It was not a dealer; it had no customers and consequently did not hold securities “primarily for sale to customers.” Our conclusions, set forth above, are amply supported by decisions of long standing in this field. E.g., O. L. Burnett, 40 B.T.A. 605, affirmed on this issue 118 F. 2d 659 (C.A. 5); Schafer v. Helvering, 83 F. 2d 317 (C.A. D.C.), affirmed 299 U.S. 171; Francis Shelton Farr, 44 B.T.A. 683; George B. Kemon, 16 T.C. 1026. Nor is there any basis to reach a different result in respect of the short sales. Section 1233 of the 1954 Code explicitly provides: SEC. 1233. GAINS AND LOSSES FROM SHORT SALES. (a) Capital Assets. — Eor purposes of this subtitle, gain or loss from the short sale of property shall be considered as gain or loss from the sale or exchange of a capital asset to the extent that the property, including a commodity future, used to close the short sale constitutes a capital asset in the hands of the taxpayer. Thus, if a dealer uses stock in trade to close a short sale in the ordinary course of his business, the transaction may result in ordinary gain or loss, but if the sale is not made by a dealer or if the stock used to close the short sale cannot otherwise qualify for exclusion from classification as a capital asset, the resulting gain or loss is governed by the statutory provisions relating to capital gains or losses. See Income Tax Begs., sec. 1.1233-1(a)(2). Decisions will he entered for the respondent.