STATE v. JENNIE E. W. STICKNEY.[1]

July 17, 1942.

No. 33,201.

*Ira C. Oehler* and *Cole Oehler,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *P. F. Sherman,* Assistant Attorney General, for the State.

[1]Reported in 5 N. W. (2d) 351.

PETERSON, JUSTICE.

This action was brought to recover $205.57 claimed to be due as unpaid income tax for the year 1935.

The tax was assessed on a profit alleged to have been realized by the taxpayer from the sale of 110 shares of stock of the St. Paul Fire & Marine Insurance Company for $19,663.65. These shares were part of 1,420 shares which she acquired on April 6, 1928, as the residuary legatee under the will of Clara W. C. Mann, a resident of Ramsey county, who died on that date. In the probate proceedings these shares were inventoried by the representative and were appraised as of the date of the testator's death at $24,860 for inheritance tax determination. The market value of the shares on January 1, 1933, was $11,660.

For the purpose of determining gain or loss from the sale, the taxpayer took the inventory value in the probate proceedings. On this basis she sustained a loss of $5,196.35, and she was not liable for any tax. The commissioner of taxation took the January 1, 1933, value. On this basis, instead of the loss which she claims, the taxpayer realized a profit of $8,003.65, upon which she is liable for the tax claimed.

The court below sustained the determination of the commissioner and ordered judgment accordingly, from which the taxpayer appeals.

The taxpayer claims that the inventory value is the basis for determining gain or loss in virtue of L. 1933, c. 405, § 19 (Mason St. 1936 Supp. § 2394-19) which provides:

"The basis for determining the gain or loss from the sale or other disposition of property acquired before January 1, 1933, shall be the fair market value thereof on said date except that, if its costs to the taxpayer (or, in the case of inventory property, its last inventory value) exceeds such value, the basis shall be such cost (or last inventory value)."[2]

_____

[2]Subsequent to the time when defendant's tax liability became fixed, § 19 was amended by Ex. Sess. L. 1937, c. 49, § 14 (Mason St. 1940 Supp. § 2394-19) so as to read as follows:

The state contends that the inventories referred to in § 19 are not those used in the probate court, but those authorized by § 15 (*Id.* § 2394-15) and the regulations adopted thereunder for use in determining gain or loss from a trade or business.

The questions for decision are (1) whether property included in a probate inventory is "inventory property" within the meaning of § 19 for the purpose of determining gain or loss; and (2) whether the fair market value of the shares on January 1, 1933, is the basis for determining gain or loss.

■ By the terms of § 16(a) (Mason 1936 Supp. § 2394-16[a]), "the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in Sections 18 and 19." Section 18 (*Id.* § 2394-18) defines the basis for determining gain or loss from the sale or other disposition of property acquired *on or after* January 1, 1933. Section 19 defines the basis for determining such gain or loss where the property was acquired *before* January 1, 1933. See Thorpe v. Spaeth, 211 Minn. 205, 300 N. W. 607.

The language and principles of the state income tax statute were taken from the various federal income tax acts enacted prior thereto since 1918. For an elaborate comparison of the state and federal acts and a table of corresponding sections, see Rottschaefer, "The Minnesota State Income Tax," 18 Minn. L. Rev. p. 93. The prior construction of the federal act should be considered in construing the state law. Where the state statute is the

---

"The basis for determining the gain or loss from the sale or other disposition of property acquired before January 1, 1933, shall be the fair market value thereof on said date except that, if its cost to the taxpayer, *adjusted as provided in section 16(b) for the period prior to January 1, 1933,* (or, in the case of inventory property, its last inventory value) exceeds such value, the basis shall be such *adjusted* cost (or last inventory value); *provided that the basis prescribed by section 18 for determining gain or loss with respect to property acquired by gift, by gift through an inter vivos transfer in trust, by devise, bequest, or inheritance, or by the estate of a decedent from such decedent, shall be deemed the cost of such property to the taxpayer for the purposes of this section.*" (The italicized matter was added by the amendment.)

same or substantially the same as the federal act from which it was copied, the prior construction of the federal statute should be deemed controlling by us in construing the state statute. Christgau v. Woodlawn Cemetery Assn. 208 Minn. 263, 293 N. W. 619.

The state income tax law became effective April 21, 1933. The first tax thereunder was for the calendar year 1933. The purpose of adopting as the basis for determining gain or loss the value of the taxpayer's property sold or disposed of as of the effective date of the tax, January 1, 1933, under §§ 18 and 19, like that of adopting the effective date of the federal tax, March 1, 1913, under corresponding provisions of the federal act, is "to measure that part of his total gain which has arisen or accrued after the enactment of any of the statutes taxing income and thus to arrive at his gain which may be taxed as income." Lucas v. Alexander, 279 U. S. 573, 579, 49 S. Ct. 426, 428, 73 L. ed. 851, 61 A. L. R. 906.

Since the taxpayer acquired the shares of stock prior to January 1, 1933, the basis for determining gain or loss is governed by § 19. Unless the shares in question are "inventory property" within the meaning of § 19, the "fair market value" thereof on January 1, 1933, must be adopted as the only other basis permissible for computing gain or loss.

The use of inventories for determining gain or loss for income tax purposes is governed by § 15 of the act, which reads:

"Whenever in the opinion of the Commission the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commission may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business involved and as most clearly reflecting the income."

Pursuant to statutory authorization contained in § 50, the tax commission, and later the commissioner of taxation as the statutory successor to such authority, promulgated rules specifying the particular instances in which a taxpayer was authorized to use an inventory to determine gain or loss for income tax purposes and

regulating such use in detail. The basic rule is: "Inventories are necessary in order to properly reflect the net income in every case in which the production, purchase, or sale of merchandise is an income producing factor." Enumerated as those entitled to use inventories are dealers in securities, livestock raisers and farmers, miners and manufacturers, retail merchants, dealers in real estate, dealers in foreign exchange, and lumber companies. Income Tax Law and Regulations (September 1934) pp. 64-72. Executors, administrators, devisees, legatees, and distributees are not mentioned and do not belong to any class of taxpayers enumerated as authorized to use inventories for determining gain or loss.

Section 15 is a replica of § 22(c) of the federal income tax act, 26 USCA, § 22(c). Section 22(c) was enacted in 1918, 40 St. 1060, § 203, and has been carried forward without change in the several revisions of the federal act. James Clark Dist. Co. v. United States (1929) 66 Ct. of Cls. 726, *certiorari* denied, 279 U. S. 868, 49 S. Ct. 482, 73 L. ed. 1005; 1 Paul and Mertens, Law of Federal Income Taxation, pp. 654-655, § 13.02. The commissioner of internal revenue promulgated regulations for the use of inventories under § 22(c), which, although they differ from those adopted under § 15 in many respects, are comparable in content and language.

Section 22(c) of the federal act and the regulations thereunder were construed both prior to and subsequent to the enactment of the state act and the adoption of the regulations thereunder. The federal statute has been construed to confer upon the commissioner of internal revenue the power to determine as a practical question in the exercise of his judgment whether in a particular case inventories are necessary for the determination of income. The regulations adopted by the commissioner have the force of law. Lucas v. Kansas City S. S. Co. 281 U. S. 264, 50 S. Ct. 263, 74 L. ed. 848; Schafer v. Helvering, 299 U. S. 171, 57 S. Ct. 148, 81 L. ed. 101, affirming 83 F. (2d) 317, 65 App. D. C. 292; Seeley v. Helvering (2 Cir.) 77 F. (2d) 323. A taxpayer has no right to use an inventory for determining gain or loss except as author-

ized by the regulations. Schafer v. Helvering, 299 U. S. 171, 57 S. Ct. 148, 81 L. ed. 101, affirming 83 F. (2d) 317, 65 App. D. C. 292, *supra;* Haviland v. Edwards (2 Cir.) 20 F. (2d) 905, 906. In the Haviland case the court (*per* Learned Hand, Cir. J.) said: "Plainly, not only does any right whatever to use inventories rest in the hands of the Commissioner, but the instances in which they may be used." We adopt as the construction of § 15 of the state law the construction of § 22(c) by the federal courts.

A probate court inventory is not an inventory of the kind authorized by § 15 and the regulations thereunder. The probate code prescribes the form of a probate inventory. Mason St. 1927, §§ 8794, 8795; *Id.* 1940 Supp. §§ 8992-87, 8992-88. The purpose of a probate inventory is to show ownership and value of a decedent's property, not the income of his personal representative. The taxing authorities have no power over such inventories. They prescribe not only the instances where income tax inventories may be used, but their contents also.

There is another reason why a probate inventory will not do. Section 15 requires that the inventory "shall be taken by such taxpayer" upon such basis as the commission may prescribe. It is plain that the inventory referred to is one made by the taxpayer. He is not authorized to use someone else's inventory. The probate inventory was not made by the taxpayer as a record of her business, but by the personal representative of the decedent in performing his duties as such.

The shares in question are not "inventory property" as that term is used in § 19. The taxpayer had no right to use the inventory, which was made in the probate of the decedent's estate, to determine gain or loss from the sale of the shares which she acquired by bequest from the decedent.

■ The only basis for determining gain or loss from sales and other dispositions prior to the adoption of 1937 amendment of property acquired by devise, bequest, or inheritance before January 1, 1933, was the fair market value thereof on the date mentioned. No claim is made by the taxpayer that the inventory

value was the cost to her within the meaning of the exception that the cost to the taxpayer shall be the basis. There is no cost to a taxpayer of property acquired by devise, bequest, or inheritance for the reasons that we gave in Thorpe v. Spaeth, 211 Minn. 205, 300 N. W. 607, *supra,* for holding that there is no cost to a taxpayer of property acquired by gift.

Only in virtue of the 1937 amendment to § 19 can the fair market value at the date of the decedent's death be considered as the basis for determining gain or loss from a sale or disposition of property acquired by devise, bequest, or inheritance before January 1, 1933, the same as in cases under § 18(d), where the property was so acquired after that date. The federal income tax act permits the taxpayer in such cases to adopt as a basis for determining gain or loss either the fair market value at the date of acquisition, which in a case like this is such value at the date of the decedent's death, or the fair market value on March 1, 1913, the effective date of the act, whichever is greater. The cases construing the federal act make it clear that the fair market value at the date of decedent's death may be considered as a basis for determining gain or loss only in virtue of express statutory provision to that effect. Beers v. Commr. of Int. Rev. (3 Cir.) 78 F. (2d) 447, affirming 31 B. T. A. 117, *certiorari* denied, 296 U. S. 620, 56 S. Ct. 142, 80 L. ed. 440; Dick v. Commr. of Int. Rev. (10 Cir.) 76 F. (2d) 265.

The commissioner of taxation has promulgated regulations construing the 1937 amendment as affording to a taxpayer the same optional basis in determining gain or loss from sales or other dispositions of property acquired before January 1, 1933, by devise, bequest, or inheritance—that is, the taxpayer may adopt as such basis either the fair market value of January 1, 1933, or such value at the date of the decedent's death, whichever is higher. Minnesota Income and Franchise Tax Act of 1933 with 1937 Amendments and Regulations, January 1939, pp. 134-135; *Id.* February 1940, pp. 136-137; *Id.* December 1941, pp. 136-137. The amendment and the regulations adopted thereunder are prospec-

tive in operation and apply to sales or other dispositions made after, but not prior to, the effective date thereof. Since the sale of the shares in the instant case occurred in 1935, the amendment and the regulations do not apply. Consequently the basis for determining gain or loss here was not the fair market value of the shares at the date of the decedent's death, but the value thereof on January 1, 1933.

Our conclusion is that the shares in question are not "inventory property" and that the fair market value thereof on January 1, 1933, was the basis for determining gain or loss.

Affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.