## WEINSTEIN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10541.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1948.

Ed. M. Lowrance, of Memphis, Tenn. (Ed. M. Lowrance, of Memphis, Tenn., on the brief; Hagler & Lowrance and A. E. Weinstein, both of Memphis, Tenn., of counsel), for petitioner.

Louise Foster, of Washington, D. C. (Theron L. Caudle, Sewall Key, A. F. Prescott and Abbott M. Sellers, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This cause has been duly considered on the record and on the oral arguments and briefs of attorneys for the parties.

The question whether there was an existing partnership for the taxable years 1942 and 1943, between the petitioner, Jake Weinstein, and his wife Rose Weinstein and his father Charles Weinstein, for tax purposes, is controlled by the principles declared in Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135, which has been followed and applied by this court in numerous decisions. Upon the principles of the Tower case, we find no error in the conclusion of the tax court, based on its findings of fact which are supported by substantial evidence, that there was no contribution of either capital or services of such character as to typify the family arrangement between the petitioner and his wife and father as a real and actual business partnership for federal income tax purposes.

We are of opinion, however, that the petitioner is entitled to a deduction on his taxable income for the years 1942 and 1943 of payments which he made to his wife for her services in the amount of $480 for the year 1942 and $1,560 for the year 1943, and of like payments made to

his father of $2,385 in 1942 and $2,470 in 1943. From the record in the case, it is apparent that the services performed by the wife and the father of petitioner were of a substantial character, and that the amounts paid them by him, as revealed by the books, were reasonable for such services.

Accordingly, the decision of the tax court is affirmed, with the modification indicated; and the cause is remanded to the tax court for appropriate procedure for the allowance of these deductions as a credit on petitioner's income tax deficiency liability.