ARVIE F. FRANDRUP AND ANOTHER v.
COMMISSIONER OF REVENUE.
EVAN J. HENRY AND ANOTHER v. SAME.

243 N. W. 2d 34.

May 28, 1976—Nos. 45695, 45694.

*Warren Spannaus,* Attorney General, and *Dann L. Parsons* and *Richard W. Davis,* Special Assistant Attorneys General, for relator.

*Fred Burstein* and *Gregg M. Corwin,* for respondents Frandrup.

*Evan J.* and *Evelyn S. Henry,* pro se, for respondents Henry.

Heard before Otis, Scott, and Amdahl, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

These are companion cases raising the same issues and governed by the same statute, Minn. St. 290.09, subd. 2(a)(1). They are here on review of decisions of the Tax Court reversing orders of the commissioner of revenue which disallowed deductions claimed for wages paid by the taxpayers, Arvie F. Frandrup and Evan J. Henry, to their wives, Dorothy Frandrup and Evelyn Henry, and which adjusted the returns of the wives to disallow the claimed wages. We affirm.

The Frandrups, husband and wife, are cash-basis, calendar-year taxpayers. During all of the times at issue herein, Arvie F. Frandrup was engaged in the construction business as a sole proprietor with his principal place of business at Vermillion, Minnesota. He has seven regular employees. During the years in question, 1970, 1971, and 1972, Mrs. Dorothy Frandrup performed all of the office management, did the bookkeeping, wrote all of the checks for the office expenses including materials, payroll, and overhead, made all bank deposits, collected some of the accounts, made Federal and state payroll deposits, picked up specifications and blueprints from prospective customers, delivered bids to prospective customers with the family car, and

did all the necessary secretarial work. No other secretarial help was employed during any part of the period. The Tax Court found that the reasonable value of Mrs. Frandrup's services in 1970 exceeded the claimed amount of $1,200, and that the reasonable value of her services in 1971 and 1972 exceeded the claimed amount of $3,000 for each year.

During the years in question, the Frandrups maintained three joint checking accounts. One of the accounts dealt only with receipts and disbursements of certain apartment buildings owned and rented out by the Frandrups and not at issue in this case. One account dealt exclusively with receipts and disbursements connected with the construction business. One account was the Frandrups' personal checking account, which dealt exclusively with receipts and disbursements connected with family expenses. Most of the checks out of all three accounts were written and signed by Mrs. Frandrup. All compensation claimed by Mrs. Frandrup and deducted by Mr. Frandrup was drawn on the joint business account by checks prepared by Mrs. Frandrup, signed by her and made payable to Mr. Frandrup, endorsed by Mrs. Frandrup, deposited in the joint personal account, and withdrawn by Mrs. Frandrup for her own personal needs and the needs of the family. Mr. Frandrup was compensated in the same manner. No amounts were withheld from Mrs. Frandrup's salary for income tax (state or Federal), social security, or self-employment tax; it also appears that nothing was withheld from Mr. Frandrup's compensation for those purposes.

There was no oral or written agreement between the parties as to the amount of salary to be paid Mrs. Frandrup. However, both Mr. and Mrs. Frandrup testified that they expected her to be paid. Mrs. Frandrup had a right to withdraw from the joint accounts as she saw fit, and Mr. Frandrup approved the withdrawals, at one point telling her to take more in 1971 than she took in 1970. At no time was it agreed between them that she would get a set salary for a year's work. Mr. Frandrup testified that if Mrs. Frandrup were not working, she would still have

had the right to withdraw from the joint accounts as she saw fit. Mr. Frandrup claimed deductions of $1,200 in 1970 and $3,000 in 1971 and 1972 for Mrs. Frandrup's salary. The Tax Court found that Mrs. Frandrup constructively received those amounts and that those amounts were reasonable. That court held:

"If there was any question in our mind that the services were not performed or that the amount of the compensation was not reasonable or that the amounts claimed were not constructively paid during the taxable year, we would not hesitate to affirm the Order of the Commissioner. However, we are convinced that the services were performed, that the amount of compensation is very reasonable, and that the amounts claimed as compensation were paid during the years in question, so we must reverse the Order of the Commissioner on that point."

The commissioner does not contest the findings that Mrs. Frandrup performed services worth the amount she was paid, nor does he contest the finding of constructive receipt. He contends that no deduction can be allowed for Mrs. Frandrup's salary in the absence of an actual compensation agreement.

Evan Henry's accounting business is located in Winona, Minnesota. During fiscal years ending in 1969, 1970, and 1971, Evelyn Henry performed various services in her husband's business at a time when Mr. Henry also employed a secretary to work in his office during the morning. The services performed by Mrs. Henry consisted of maintaining records, answering the telephone every afternoon during the entire year, writing checks for her husband's business expenses, and consulting with him on client relationships. All of Mrs. Henry's services were performed at home.

The Henrys kept a joint checking account into which the receipts from the accounting business were deposited. Each spouse had the right to make withdrawals from the account. Mrs. Henry issued checks on the joint checking account totaling $3,708.87

in fiscal 1969, $3,458.25 in fiscal 1970, and $3,854.19 in fiscal 1971, well in excess of the respective claimed salary amounts of $1,500, $3,000, and $3,000. These checks were issued to pay normal household expenses. There was no withholding of income tax from Mrs. Henry's compensation by her husband. There was no formal agreement, written or oral, between the Henrys as to salary but the Tax Court found an implied agreement to withdraw from the joint account as Mrs. Henry saw fit. The amount of money which Mrs. Henry withdrew as salary was not determined until the end of the tax year.

These cases present the issue of whether a spouse is entitled to a business expense income tax deduction for payments to the other spouse in the absence of an actual compensation agreement.

Minn. St. 290.09, subd. 2(a)(1), allows as a trade or business expense deduction "[a] reasonable allowance for salaries or other compensation for personal services actually rendered." There is no statutory requirement that there be a formal employment relationship or that the parties enter into a compensation agreement. It is only necessary that services be rendered and that compensation be paid. The Tax Court found, and the commissioner does not contest, that Mrs. Frandrup and Mrs. Henry actually rendered services worth the amounts claimed and that they were actually paid those amounts. The commissioner's sole contention is that those payments were not "compensation" because the husbands and wives did not enter into a compensation agreement.

The commissioner directs our attention to a number of family partnership cases.[1] Those cases stand for the proposition that intrafamily transactions which are calculated to reduce family taxes should be subjected to strict scrutiny, a proposition acknowledged by the Tax Court. However, they stand for much

---

[1] State v. Hitchcock, 228 Minn. 335, 37 N. W. 2d 378 (1949); Skaar v. Wisconsin Dept. of Rev. 61 Wis. 2d 93, 211 N. W. 2d 642 (1973), certiorari denied, 416 U. S. 906, 94 S. Ct. 1611, 40 L. ed. 2d 111 (1974); Stern v. Wisconsin Dept. of Rev. 63 Wis. 2d 506, 217 N. W. 2d 326 (1974).

more than that. There, family members had complied with most of the requisite formalities of a legal partnership and sought to avail themselves of the income-splitting advantages inherent in such a relationship. The taxing authorities argued that, in intra-family situations in particular, they are not bound by form in determining tax status, but should look to the substance of the transaction. The courts agreed. However, the rule is not a one-way street.[2] When we conduct that "high degree of careful examination into the reality"[3] of the transaction, we conclude that when services have actually been rendered and payment made in fact, the taxpayer is entitled to the deduction.

No case which we have found has passed directly on this particular issue. In numerous cases denying a deduction, lack of compensation agreement had been listed as one factor, but it has never been decisive. In Herbert Stein, 14 T. C. 494 (1950), there was no payment to the wife, no employment relationship, but the appearance of a blatant tax-evasion device. In Ralph Romine, 25 T. C. 859 (1956), and Samuel Crowther, par. 37,364, P-H Tax Ct. Mem. (1937), affirmed, 112 F. 2d 167 (2d Cir. 1940), there were neither agreements nor payments.

On the other hand, deductions have been allowed for wages paid to family members in cases where the courts have made no mention of a prior compensation agreement. In Jake Weinstein, 6 CCH Tax Ct. Mem. 351 (1947) the taxpayer deducted wages paid to his wife for services rendered in his vending machine business. The business was run as a partnership with the husband, wife, and husband's father as partners, but only the husband and his father had compensation agreements. The Tax Court disallowed the salary deduction to the wife, but on appeal

---

[2] "When evasions have been resorted to * * * to escape taxation, we have unhesitatingly looked through the external form or dress to the substance of the transaction, and the same rule should be applied against the state." State v. St. Paul Union Depot Co. 42 Minn. 142, 146, 43 N. W. 840, 842 (1889).

[3] State v. Hitchcock, 228 Minn. 335, 342, 37 N. W. 2d 378, 381.

the Sixth Circuit Court of Appeals reversed and granted the deduction. Weinstein v. Commr. of Int. Rev. 166 F. 2d 81 (1948). See, also, Clarence E. Baldwin, 14 CCH Tax Ct. Mem. 794, 799, 805 (1955); Mary Sinclair, par. 60,113, P-H Tax Ct. Mem. (1960); Miller-Dunn Co. 5 CCH Tax Ct. Mem. 114 (1946).

In the cases at bar, the services rendered by Mrs. Frandrup and Mrs. Henry were not those normally performed by a spouse. Without their services, the husbands would have had to hire someone else, in which event the payments would clearly be deductible.[4] We hold that under these facts the payer is entitled to a deduction under § 290.09, subd. 2(a)(1), for "compensation for personal services actually rendered."

Affirmed.

---

[4] The commissioner's statement that "[w]hen the parties to a transaction are members of the same family, there is a strong presumption that they are not entitled to the tax advantage they seek" is a misreading of State v. Hitchcock, *supra*.